**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

VINCENT CHANEY

v. Civil No. 25-cv-023-JL-TSM

NEW HAMPSHIRE STATE PRISON WARDEN

# REPORT AND RECOMMENDATION

Vincent Chaney petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of his conviction in State v. Chaney, No. 216-2020-CR-01706 (N.H. Super. Ct., Hillsborough Cty., N.D., Nov. 16, 2022). Before this court is Chaney's October 13, 2026 status report (Doc. No. 10), which asks this court to lift the stay and complete its screening under Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules"), so that his Petition may proceed.

## PRELIMINARY REVIEW STANDARD

In undertaking § 2254 Rule 4 preliminary review, this court decides from the face of the Petition whether Petitioner states claims that are cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Because Chaney is self-represented, the court construes his pleadings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## BACKGROUND[1]

The conviction at issue in Chaney's § 2254 Petition arose from a fraud investigation into Chaney's claims for insurance coverage for a bracelet and necklaces Chaney and his partner, Mara

[1] The background facts are derived from the Petition and from the decision in Chaney's appeal of the Superior Court order denying his motion for a new trial. See State v. Chaney, No. 2022-0718, 2024 WL 1956212, 2024 N.H. LEXIS 83 (N.H. May 3, 2024).

Castro, purchased in 2018, which Chaney claimed were lost or stolen. As part of that fraud investigation, an investigator from the N.H. Department of Insurance found a bracelet Castro pawned at a pawnshop, then interviewed Castro, who said she had two similar bracelets, one insured and the other uninsured, and that she kept the uninsured, older bracelet at home and had never pawned it. When confronted with information that Castro's bracelet was at a pawnshop, "Castro changed her story and stated that the bracelet at the pawn shop was the older bracelet that she previously claimed was at her house." State v. Chaney, No. 2022-0718, 2024 WL 1956212, at *1, 2024 N.H. LEXIS 83, at *3 (N.H. May 3, 2024). The insurance investigator referred the matter to the New Hampshire Department of Justice ("DOJ") for prosecution.

The investigator's affidavit was used to apply for a search warrant. After obtaining that warrant, law enforcement officers conducting the search discovered drugs in Chaney's bedroom, leading them to halt their initial search and obtain an expanded warrant. The subsequent search discovered additional drugs, drug paraphernalia, firearms, and one of the missing necklaces. Chaney was subsequently charged with possession of a controlled substance with intent to sell and seven counts of being a felon in possession of a deadly weapon.

Chaney filed motions to suppress in the pretrial period, arguing that the insurance investigator's affidavit underlying the first search warrant application contained material omissions. Following a hearing, the trial court denied those motions. After a jury trial, Chaney was convicted of the drug trafficking and firearms charges. The insurance fraud charges were noll prossed.

Chaney through new counsel in the post-trial period filed a motion for a new trial, arguing that trial counsel was constitutionally ineffective for failing to introduce a sales receipt for a bracelet purchased in 2005. In his motion for a new trial, Chaney argued that the sales receipt

showed that there were two bracelets, and consistent with Castro's assertions that the uninsured older bracelet was at the pawnshop. Chaney contended that the sales slip would have demonstrated that the warrant was not supported by probable cause. Chaney maintained that the insurance investigator had a duty of further inquiry after Castro said she had two bracelets, and that further inquiry would have discovered the 2005 sales receipt, and that, and with the inclusion of that receipt, the warrant application would not establish probable cause. The trial court denied Chaney's motion for a new trial, and the New Hampshire Supreme Court affirmed.

## CLAIMS

Liberally construed, the Petition asserts the following two claims for relief:

> 1. Petitioner's conviction violated his Sixth Amendment right to the effective assistance of trial counsel, in that trial counsel failed to introduce a sales receipt at the hearing on Petitioner's motion to suppress, (a) which would have undermined a finding that the warrant was supported by probable cause; and (b) which would have demonstrated under United States v. Tanguay, 787 F.3d 44, 51-54 (1st Cir. 2015), that the investigator, whose affidavit supported the warrant application, having reason to question whether there was only one bracelet, had a duty to conduct further inquiry that would have revealed that sales receipt, and that the investigator's failure to conduct that inquiry evinced a reckless disregard for the truth, triggering the right to a hearing under Franks v. Delaware, 438 U.S. 154, 171–72 (1978), and undermining a finding that the warrant was supported by probable cause.
>
> 2. Petitioner's conviction was based on evidence obtained by an unreasonable search not supported by probable cause, in violation of Petitioner's Fourth Amendment rights.

## DISCUSSION

### I. Exhaustion

To be eligible for habeas relief, Chaney must show that he exhausted all of his available and effective state court remedies as to all of the claims in his federal habeas petition. See 28 U.S.C. § 2254(a) & (b). A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on each federal claim. See Dutil, 550

F.3d at 157. Petitioner demonstrated that he exhausted his state remedies on the claims in his § 2254 Petition, through the Superior Court and New Hampshire Supreme Court proceedings on his motion for a new trial. Accordingly, the stay in this case is properly lifted. In a separate Order, the court lifts the stay and directs service of the Petition upon the Respondent Warden.

## II. Claim 2

In Claim 2, Petitioner asserts that evidence seized in violation of his Fourth Amendment rights was used to obtain his conviction. That Fourth Amendment claim is not cognizable as a ground for obtaining relief in a § 2254 Petition. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976) (citation omitted); see also Sanna v. Dipaolo, 265 F.3d 1, 8-10 (1st Cir. 2001) (Stone stands for proposition that federal courts cannot generally review Fourth Amendment claims in a § 2254 petition unless state has failed to provide a "full and fair" opportunity to litigate that claim, or there has been "an irretrievable breakdown in the process provided by the state" (citing Stone, 428 U.S. at 494)). "A 'full and fair' hearing is one in which the defendant is given an opportunity to present evidence and be heard on an issue." Companonio v. O'Brien, 672 F.3d 101, 112–13 (1st Cir. 2012) (citation omitted).

> Put another way, "a full and fair opportunity" to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations. So long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under Stone, to second-guess the accuracy of the state court's resolution of those claims.

Sanna, 265 F.3d at 9 (citation omitted).

Chaney's pretrial motions to suppress, filed on his behalf by counsel, were the subject of an evidentiary hearing, and his post-trial motion challenging his conviction and the outcome of the

suppression hearing was the subject of another Superior Court hearing, that court's orders, and a decision of the New Hampshire Supreme Court. No exception to Stone applies here. See Stone, 428 U.S. at 494. Accordingly, the district judge should dismiss Claim 2, allowing only Claim 1 to proceed in this case, as directed in the Service Order issued on this date.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss Claim 2, leaving Petitioner's Sixth Amendment ineffective assistance of counsel claim, identified in this Order as Claim 1. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Talesha L. Saint-Marc
United States Magistrate Judge

October 23, 2026

cc: Vincent Chaney, pro se